UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD CARUS #387830,

    Petitioner,

v.                                                    Case No. 2:06-cv-114
                                                    HON. GORDON J. QUIST

JEFF WHITE,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

        Petitioner Donald Carus filed this petition for writ of habeas corpus challenging the validity of his state court conviction. Petitioner was convicted pursuant to a nolo contendere plea of operating a vehicle under the influence causing death on August 13, 2004, and was sentenced to 43 to 180 months imprisonment. Petitioner did not file a direct appeal, but he did file a motion for relief from judgment on February 7, 2006. Petitioner's motion for relief from judgment was denied on March 31, 2006. Petitioner filed this habeas corpus petition on April 19, 2006.

        A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). Moreover, it is the Petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

        In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court held that a District Court must dismiss a habeas corpus petition containing unexhausted claims if state remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a

petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 1673-74 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-136. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).[1] In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

The question remains whether there are state remedies still available to the Petitioner. It would appear to the undersigned that, pursuant to state law, Petitioner is now foreclosed from pursuing a motion for new trial, *see* MCR 6.431(A)(1) (generally prohibiting motions for new trials more than 42 days from entry of judgment), or from seeking further direct appellate review, *see* MCR 7.205(F)(3) (generally prohibiting late appeals more than 12 months after entry of an order or judgment on the merits), in the state courts.

However, as noted above, Petitioner did file a motion for relief from judgment pursuant to MCR 6.508. The Motion for Relief from Judgment is a Michigan prisoner's exclusive

---

[1] It has been suggested that the holding in *Granberry* can be read as giving only *appellate* courts discretion to reach the merits of claims presented in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta). Without analysis, the Sixth Circuit recently remarked that the district courts have the discretion to excuse exhaustion where the federal claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (*citing Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)), *cert. denied*, 503 U.S. 922, 112 S. Ct. 1299 (1992). Likewise a federal habeas court need not require that a federal claim be first presented to the state courts if it is clear that the state courts would hold the claim procedurally barred or efforts to exhaust would otherwise be futile. *See e.g. Harris v. Reed*, 489 U.S. 255, 263, n.9, 109 S. Ct. 1038, 1043 n.9 (1989).

means to challenge his conviction in the Michigan courts where he has already had an appeal by right or by leave, or has unsuccessfully sought leave to appeal, or who was unable to file an application for leave to appeal to the Court of Appeals because 12 months have elapsed since the judgment. See MCR 7.205(F)(3); Staff Comment to Rule 6.501. A criminal defendant may seek leave for appellate review of any adverse ruling in the Michigan Court of Appeals. MCR 6.509. As noted above, Petitioner has not filed an appeal of the denial of his motion for relief from judgment to either the Michigan Court of Appeals or the Michigan Supreme Court. Therefore, Petitioner has not exhausted his state court remedies.

Because it appears that Petitioner has not exhausted his available state court remedies, I recommend that the petition be dismissed.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir.

1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application because he failed to exhaust his state court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed because he failed to exhaust his state court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. L.R. 13(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

         /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   June 5, 2006

- 5 -